# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MANDELL CROXTON,

      Plaintiff,

v.                                 CASE NO. 8:08-CV-1839-T-30TGW

UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS,

      Defendants.
_____/

## O R D E R

Before the Court is Plaintiff's complaint (Dkt. 1), Motion for Leave to Proceed In Forma Pauperis (Dkt. 5), and "Request for Legal Copies" (Dkt. 3) in which Plaintiff requests the Clerk of the Court to provide him with two certified copies of his complaint.[1]

## DISCUSSION

In his complaint, Plaintiff essentially contests the Department of Veterans Affairs's denial of his claims for veterans' benefits. 38 U.S.C. § 511(a) provides in pertinent part:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.[2]

---

[1] On September 9, 2008, the United States District Court, Middle District of Louisiana, transferred this case to this Court (Dkt. 6).

[2] Subsection § 511(b) contains four exceptions to the lack of review of decisions by the Secretary, which are not applicable here.

A claimant may appeal the Secretary's decision to the Board of Veterans Appeals ("Board").  38 U.S.C. § 7104.  The Court of Appeals for Veterans Claims has exclusive jurisdiction over appeals from final decisions by the Board.  38 U.S.C. § 7252(a).  The Court of Appeals for the Federal Circuit has exclusive jurisdiction to review decisions by the Court of Appeals for Veterans Appeals.  38 U.S.C. § 7292.

Because Plaintiff essentially seeks to appeal the denial of his veterans' benefits,[3] this Court lacks subject matter jurisdiction over this claim.  38 U.S.C. § 511(a).

**ACCORDINGLY**, the Court **ORDERS** that:

1.  Plaintiff's complaint (Dkt. 1) is **DISMISSED** for lack of subject matter jurisdiction.

2.  The Clerk of Court shall enter judgment against Plaintiff, terminate all pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on September 18, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*

---

[3]To the extent Plaintiff alleges that the Department of Veterans Affairs "failed to abide by the law" and "engaged in unethical conduct" (Dkt. 1 at p. 1), he can not avoid the established procedures for the adjudication of claims regarding veterans' benefits merely by reconstructing the denial of his veterans' benefits as some other claim. *See*, *e.g., Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996)(where plaintiff alleged conspiracy, fraud, and misrepresentation in connection with the denial of his veterans' benefits, those claims were "in substance, nothing more than a challenge to the underlying benefits decision."